## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| CASEY BERNARD, | : | NO. 3:20-CV-481 (VAB) |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| YALE UNIVERSITY AND YALE | : | |
| UNIVERSITY SCHOOL OF MEDICINE, | : | |
| Defendants/Apportionment Plaintiffs,. | | |
| | : | |
| v. | : | |
| | : | |
| UNITED STATES OF AMERICA AND | : | |
| GCO ENTERPRISES, LLC, | : | APRIL 14, 2020 |
| Apportionment Defendants. | : | |

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS

The Apportionment Defendant, the United States of America (the "Government"),

submits this Memorandum of Law in Support of its Motion to Dismiss the Apportionment

Complaint filed by the Defendants/Apportionment Plaintiffs, Yale University and Yale Medical

Center (together, the "Yale Defendants").  The Government respectfully submits that this Court

lacks subject matter jurisdiction because the Government has not waived sovereign immunity for

apportionment complaints and so is immune from liability pursuant to Conn. Gen. Stat. § 52-

102b(c).  Further, the Government submits that this Court lacks subject matter jurisdiction

pursuant to the derivative jurisdiction doctrine under 28 U.S.C. § 1442(a)(1).

## I.    RELEVANT FACTS AND PROCEDURAL HISTORY

Plaintiff Casey Bernard ("Plaintiff") commenced the underlying medical malpractice

action against the Yale Defendants in the Connecticut Superior Court, *Casey Bernard v. Yale*

*University et al.*, Docket No. NNH-CV19-6097151-S (the "State Court Action"), by service of

process on October 8, 2019.  In the State Court Action, Plaintiff alleges personal injuries and

losses caused by the negligence and recklessness of the Yale Defendants in treating injuries

Plaintiff sustained during a slip and fall on February 6, 2018, which occurred outside of the Post

Office located at 1 Washington Avenue, Woodbury, Connecticut (the "Property").  Plaintiff's

complaint dated October 2, 2019, (the "Complaint") bears a return date of November 5, 2019.

(See State Court Action Summons, Complaint, and Return of Service, attached as **Exhibit A**.)

The Yale Defendants brought the subject apportionment complaint (the "Apportionment

Complaint") against the Government and Property owner GCO Enterprises, LLC ("GCO") by

service of process on March 11 and 10, 2020, respectively.  (See Apportionment Summons,

Complaint, and Returns of Service, attached as **Exhibit B**.)  The Yale Defendants' two-count

Apportionment Complaint seeks to apportion liability pursuant to Conn. Gen. Stat. § 52-102b(a)

to the Government and GCO for alleged breach of a duty to maintain the area where Plaintiff

fell; count two of the Apportionment Complaint alleges that the Government is or may be liable

for some or all of the damages alleged in Plaintiff's Complaint.[1]

The Government removed the Apportionment Complaint to this Court on April 10, 2020,

pursuant to 28 U.S.C. § 1442.  The Government now moves to dismiss the Apportionment

Complaint pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction.

## II.   LAW AND ARGUMENT

The Court should grant the Government's Motion to Dismiss because neither the Yale

Defendants nor Plaintiff may maintain a cause of action against the United States where, as here,

there has been no wavier of sovereign immunity and there is no basis for derivative jurisdiction.

Accordingly, as set forth more fully below, the Yale Defendants cannot carry their burden of

---

[1] The Government denies any and all such claims on grounds, *inter alia*, that the subject area was free from ice and snow, and the Government does not own and was not responsible for maintaining the subject area.  The Government stands ready to submit declarations and evidence in support of these and any additional facts requested by the Court.

demonstrating that this Court possesses subject matter jurisdiction over the Apportionment

Complaint. The Appointment Complaint, therefore, must be dismissed pursuant to Rule 12(b)(1).

## A.   Legal Standard

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1)

when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v.*

*United States*, 201 F.3d 110, 113 (2d Cir. 2000).  "Federal courts are empowered to hear only

those cases that: (1) are within the judicial power of the United States, as defined by the

Constitution; or (2) have been entrusted to them by a jurisdictional grant by Congress. . . .  If a

court concludes that it does not have subject matter jurisdiction, it must dismiss the case.  Fed. R.

Civ. P. 12(h)(3)." *Gionfriddo v. Salaf*, 343 F. Supp. 2d 109, 110-11 (D. Conn. 2004) (citation

omitted).  Once challenged, "[t]he plaintiff bears the burden of proving subject matter

jurisdiction by a preponderance of the evidence."  *Cooke v. United States*, 918 F.3d 77, 80 (2d

Cir. 2019), *cert. denied*, 139 S. Ct. 2748 (2019) (citing *McGowan v. United States*, 825 F.3d 118,

125 (2d Cir. 2016)).

"Absent a waiver of sovereign immunity, the Federal Government is immune from suit."

*Loeffler v. Frank*, 486 U.S. 549, 554 (1988).  Except to the extent that Congress has

unequivocally consented to a cause of action against the Government, courts lack subject matter

jurisdiction to entertain suits against the United States.  *United States v. Testan*, 424 U.S. 392,

399 (1975); *Long Island Radio Co. v. NLRB*, 841 F.2d 474, 477 (2d Cir. 1988).  To establish

subject matter jurisdiction in a suit against the United States or its agencies, the plaintiff must

show that the federal government has waived its sovereign immunity.  "Sovereign immunity is a

jurisdictional bar, and a waiver of sovereign immunity is to be construed strictly and limited to

its express terms." *Lunney v. United States*, 319 F.3d 550, 554 (2d Cir. 2003).  In the absence of

such a waiver, "sovereign immunity shields the Federal Government and its agencies from suit."
*Id.* (quoting *Dorking Genetics v. United States*, 76 F.3d 1261, 1263 (2d Cir. 1996)).  Dismissal is
mandatory if the district court lacks subject matter jurisdiction.  *Manway Const. Co. v. Housing
Authority of the City of Hartford*, 711 F.2d 501, 503 (2d Cir. 1983).

## B.   The Government Has Not Waived Sovereign Immunity for Apportionment Actions

The Yale Defendants have failed to identify an unequivocal Congressional waiver of the
Government's immunity from suit for apportionment complaints.  Thus, the Apportionment
Complaint must be dismissed for lack of subject matter jurisdiction.

The Government, as a sovereign, is immune from suit unless it waives its immunity.
*E.g.*, *Loeffler*, 486 U.S. at 554.  "A waiver of the Federal Government's sovereign immunity
must be unequivocally expressed in statutory text, and will not be implied."  *Lane v. Pena*, 518
U.S. 187, 192 (1996); and "a waiver of the Government's sovereign immunity will be strictly
construed, in terms of its scope, in favor of the sovereign."  *Id*.  "[T]he burden of proving facts
sufficient to establish subject matter jurisdiction always rests with its proponent."  *Mukaddam v.
Permanent Mission of Saudi Arabia to the United Nations*, 136 F. Supp. 2d 257, 260 (S.D.N.Y.
2001).

In their Apportionment Complaint, the Yale Defendants seek to bring the Government
into this action by means of the Connecticut apportionment statute, Conn. Gen. Stat. § 52-102b.
That statute provides, in relevant part:

> A defendant in any civil action to which section 52-572h applies may serve a writ,
> summons and complaint upon a person not a party to the action who is or may be
> liable pursuant to said section for a proportionate share of the plaintiff's damages
> in which case the demand for relief shall seek an apportionment of liability.  Any
> such writ, summons and complaint, hereinafter called the apportionment complaint,

4

shall be served within one hundred twenty days of the return date specified in the plaintiff's original complaint.[2]

Conn. Gen. Stat. § 52-102b(a).  The statute states further:  "No person who is immune from liability shall be made an apportionment defendant."  *Id.*, § 52-102b(c).

The Yale Defendants fail to identify an unequivocal Congressional waiver of the Government's sovereign immunity that would allow for suit against the Government as an apportionment defendant under Conn. Gen. Stat. § 52-102b.  Nor is the Government aware of any waiver that could be the basis for a cognizable claim by the Yale Defendants.  The only plausible recourse against the Government lies under the Federal Tort Claims Act ("FTCA"), which recognizes a limited waiver of sovereign immunity for actions against the United States where a federal employee commits negligent acts or omissions while acting within the scope of his employment.  28 U.S.C. § 1346(b).  In this case, the first party Plaintiff has not filed an FTCA complaint against the Government in Federal Court pursuant to the FTCA[3] and the Yale Defendants have not filed any claim under the FTCA.  On this record, there is no basis for subject matter jurisdiction.

Moreover, the FTCA makes clear that the statute is "*exclusive of any other civil action or proceeding for money damages* . . . against the employee whose act or omission gave rise to the claim."  28 U.S.C. § 2679(b)(1) (emphasis added).  The FTCA is "a limited waiver of sovereign immunity" that "defines the scope and conditions of the government's consent to be sued for

---

[2] In addition to its failure to state a cognizable claim against the Government, the Apportionment Complaint is untimely, having been served after expiration of the 120-day limit mandated by Conn. Gen. Stat. § 52-102b(a).  The return date of Plaintiff's Complaint is November 5, 2019; the mandatory limit expired on March 4, 2020.  The Apportionment Complaint was served on the Government March 11, 2020.  (See Exhibit B.)

[3] Nor can she.  Plaintiff filed an administrative claim with the United States Postal Service, which claim was denied by letter dated May 7, 2019, and the statute of limitations expired on November 7, 2019.  *See* 28 U.S.C. § 2401(b) (a tort claim against the United States "shall be forever barred" unless presented to the "appropriate federal agency within two years after such claim accrues" and then brought to federal court "within six months" after the agency acts on the claim).

money damages." *Durrani v. United States*, No. 3:07-CV-1238 (CFD), 2009 WL 211376 at *1

(D. Conn. Jan. 29, 2009).  The Apportionment Complaint does not a seek money damages;

rather, it seeks to apportion liability to a third-party defendant.  The limited waiver that applies

under the FTCA has no bearing here.  *See* Conn. Gen. Stat. § 52-102b(a); *Bloom v. Gershon*, 271

Conn. 96, 110 (2004) ("apportionment claims are claims for the apportionment of liability and

are, therefore, separate and distinct from claims for monetary damages.").  Indeed, the United

States Supreme Court has held that if a claim does not meet the six elements found in § 1346(b),

then the claim does not fall within the jurisdictional grant to the federal district courts under the

FTCA.  *F.D.I.C. v. Meyer*, 510 U.S. 471, 477 (1994).  The six elements of § 1346(b) that must be

satisfied are:

> [1] against the United States, [2] *for money damages*, . . . [3] for injury or loss of
> property, or personal injury or death [4] caused by the negligent or wrongful act or
> omission of any employee of the Government [5] while acting within the scope of
> his office or employment, [6] under circumstances where the United States, if a
> private person, would be liable to the claimant in accordance with the law of the
> place where the act or omission occurred.

*Id.* (citing § 1346(b)) (emphasis added).  Because the Apportionment Complaint does not seek

"money damages . . . for injury or loss of property, or personal injury, or death," the waiver of

sovereign immunity under the FTCA does not apply.  *See id*.  Similarly, the Connecticut

Supreme Court has held that sovereign immunity bars the state from being sued under Conn.

Gen. Stat. § 52-102b(a).  *See Bloom*, 271 Conn. at 114 (absent a statutory waiver of the state's

sovereign immunity the state is not vulnerable to claims of liability through apportionment

complaints); *see also Cooper v. Delta Chi Housing Corp.*, 41 Conn. App. 61 (1996) (holding that

a waiver of the state's sovereign immunity can only be found in the language of a statute).

The issue of waiver must be strictly construed in favor of the Government's sovereign

immunity.  *E.g.*, *Library of Congress v. Shaw*, 478 U.S. 310, 318 (1986); *Roco Carriers, Ltd. v.*

6

*M/V Nurnberg Express*, 899 F.2d 1292, 1295 (2d Cir. 1990).  The Yale Defendants do not and cannot identify an unequivocal and express waiver.  Accordingly, the Court should dismiss the Apportionment Complaint for lack of subject matter jurisdiction.  *See* Fed. R. Civ. P. 12(b)(1); *Gionfriddo*, 343 F. Supp. 2d at 111 (granting motion to dismiss apportionment complaint for lack of subject matter jurisdiction).

### C.  There is No Derivative Jurisdiction Over The Apportionment Complaint

The Apportionment Complaint should be dismissed for the additional reason that this Court did not obtain derivative jurisdiction from the Connecticut Superior Court upon removal. Even if the Yale Defendants asserted a claim under the FTCA – and they have not – the federal courts have original and exclusive jurisdiction over such claims.  As the Connecticut Superior Court plausibly could not have exercised jurisdiction over the Apportionment Complaint, there is no basis for derivative jurisdiction.

Where, as here, a case is removed by a federal defendant pursuant to 28 U.S.C. § 1442(a)(1), the district court's jurisdiction is derivative of the state court's jurisdiction.  The doctrine of derivative jurisdiction provides that "if the state court where an action was originally commenced lacked subject matter jurisdiction over the action, a federal court acquires none upon removal." *Gionfriddo*, 343 F. Supp. 2d at 111; *see also Rivera v. Hosp. of St. Raphael*, No. 3:14-CV-874 (JCH), 2014 WL 6871657, at *2-3 (D. Conn. Dec. 3, 2014).

The FTCA – the sole basis for recourse against the Government – provides that "the district courts . . . shall have exclusive jurisdiction of civil actions on claims against the United States . . . for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government."  28 U.S.C. § 1346(b)(1).  To the extent that the Yale Defendants could plead an action under the FTCA – and they cannot – this

Court would have exclusive jurisdiction over the Yale Defendants' claims.  Because the

Connecticut Superior Court could never exercise jurisdiction over the Yale Defendants' claims,

this Court is without derivative jurisdiction and the Apportionment Complaint must be

dismissed.  *See id.* (granting exclusive jurisdiction to the federal courts); *Gionfriddo*, 343 F.

Supp. 2d at 111 (granting motion to dismiss apportionment complaint, concluding that the

district court does not acquire subject matter jurisdiction over removed apportionment

complaints against the United States because the state court of original filing lacked jurisdiction

over claims arising under the FTCA); *Rivera*, 2014 WL 6871657, at *4 (granting motion to

dismiss apportionment complaint on same grounds); *Kennedy v. Paul*, No. 3:12cv1491 (VLB),

2013 WL 5435183, at *3 (D. Conn. Sept.  30, 2013) (concluding Connecticut Superior Court did

not have jurisdiction to hear apportionment complaint against government defendants because 28

U.S.C. § 1346(b)(1) gives exclusive jurisdiction over those claims to the federal district court).

## III.    CONCLUSION

For all the foregoing reasons, the Government respectfully submits that the

Apportionment Complaint should be dismissed with prejudice.

> APPORTIONMENT DEFENDANT,
> THE UNITED STATES OF AMERICA
>
> By Its Attorneys:
>
> JOHN H. DURHAM,
> UNITED STATES ATTORNEY
>
> /s/ Jillian R. Orticelli
> Jillian R. Orticelli (ct28591)
> Assistant U.S. Attorney
> 157 Church Street, 25th Floor
> New Haven, CT 06510
> Tel.: (203) 821-3700
> Fax: (203) 821-5373
> Email: Jillian.Orticelli@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on April 14, 2020, a copy of foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by e-mail/mail service to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

/s/ Jillian R. Orticelli
Jillian R. Orticelli (ct 28591)
Assistant United States Attorney

# EXHIBIT A

**SUMMONS - CIVIL**
JD-CV-1 Rev. 4-16
C.G.S. §§ 51-346, 51-347, 51-349, 51-350, 52-45a,
52-48, 52-259, P.B. §§ 3-1 through 3-21, 8-1, 10-13

**See other side for instructions**

STATE OF CONNECTICUT
**SUPERIOR COURT**
www.jud.ct.gov

| | |
|---|---|
| ☐ | "X" if amount, legal interest or property in demand, not including interest and costs is less than $2,500. |
| ☒ | "X" if amount, legal interest or property in demand, not including interest and costs is $2,500 or more. |
| ☐ | "X" if claiming other relief in addition to or in lieu of money or damages. |

TO: Any proper officer; BY AUTHORITY OF THE STATE OF CONNECTICUT, you are hereby commanded to make due and legal service of this Summons and attached Complaint.

| Address of court clerk where writ and other papers shall be filed *(Number, street, town and zip code)* (C.G.S. §§ 51-346, 51-350) | Telephone number of clerk *(with area code)* | Return Date *(Must be a Tuesday)* |
|---|---|---|
| 235 Church Street, New Haven, CT 06511 | ( 203 )503-6807 | November 5 2019<br>Month    Day    Year |

| | | | |
|---|---|---|---|
| ☒ Judicial District<br>☐ Housing Session | ☐ G.A.<br>Number: | At *(Town in which writ is returnable)* (C.G.S. §§ 51-346, 51-349)<br>New Haven | Case type code *(See list on page 2)*<br>Major: T    Minor: 28 |

**For the Plaintiff(s) please enter the appearance of:**

| Name and address of attorney, law firm or plaintiff if self-represented *(Number, street, town and zip code)* | Juris number *(to be entered by attorney only)* |
|---|---|
| Kennedy Johnson Schwab & Roberge, LLC, 555 Long Wharf Dr., 13th Fl., New Haven, CT 06511 | 106077 |

| Telephone number *(with area code)* | Signature of Plaintiff *(If self-represented)* |
|---|---|
| ( 203 ) 865-8430 | |

| The attorney or law firm appearing for the plaintiff, or the plaintiff if self-represented, agrees to accept papers (service) electronically in this case under Section 10-13 of the Connecticut Practice Book. | ☐ Yes  ☒ No | Email address for delivery of papers under Section 10-13 *(if agreed to)* |
|---|---|---|

| Number of Plaintiffs: 1 | Number of Defendants: 2 | ☐ Form JD-CV-2 attached for additional parties |
|---|---|---|

| Parties | | Name *(Last, First, Middle Initial)* and Address of Each party *(Number; Street; P.O. Box; Town; State; Zip; Country, if not USA)* | |
|---|---|---|---|
| First Plaintiff | Name: | Bernard, Casey | P-01 |
| | Address: | 53 Brookdale Road, Seymour, CT 06483 | |
| Additional Plaintiff | Name: | | P-02 |
| | Address: | | |
| First Defendant | Name: | Yale University | D-01 |
| | Address: | 333 Cedar St., New Haven, CT 06510; Agent for Service: William Aseltyne, Esq., 20 York St., New Haven, CT | |
| Additional Defendant | Name: | Yale School of Medicine | D-02 |
| | Address: | 333 Cedar St., New Haven, CT 06510; Agent for Service: William Aseltyne, Esq., 20 York St., New Haven, CT | |
| Additional Defendant | Name: | | D-03 |
| | Address: | | |
| Additional Defendant | Name: | | D-04 |
| | Address: | | |

## Notice to Each Defendant

1. **YOU ARE BEING SUED.** This paper is a Summons in a lawsuit. The complaint attached to these papers states the claims that each plaintiff is making against you in this lawsuit.
2. To be notified of further proceedings, you or your attorney must file a form called an "Appearance" with the clerk of the above-named Court at the above Court address on or before the second day after the above Return Date. The Return Date is not a hearing date. You do not have to come to court on the Return Date unless you receive a separate notice telling you to come to court.
3. If you or your attorney do not file a written "Appearance" form on time, a judgment may be entered against you by default. The "Appearance" form may be obtained at the Court address above or at *www.jud.ct.gov* under "Court Forms."
4. If you believe that you have insurance that may cover the claim that is being made against you in this lawsuit, you should immediately contact your insurance representative. Other action you may have to take is described in the Connecticut Practice Book which may be found in a superior court law library or on-line at *www.jud.ct.gov* under "Court Rules."
5. If you have questions about the Summons and Complaint, you should talk to an attorney quickly. **The Clerk of Court is not allowed to give advice on legal questions.**

| Signed *(Sign and "X" proper box)* | ☒ Commissioner of the Superior Court<br>☐ Assistant Clerk | Name of Person Signing at Left<br>John J. Kennedy, Jr. | Date signed<br>10/02/2019 |
|---|---|---|---|

| If this Summons is signed by a Clerk: | For Court Use Only |
|---|---|
| a. The signing has been done so that the Plaintiff(s) will not be denied access to the courts.<br>b. It is the responsibility of the Plaintiff(s) to see that service is made in the manner provided by law.<br>c. The Clerk is not permitted to give any legal advice in connection with any lawsuit.<br>d. The Clerk signing this Summons at the request of the Plaintiff(s) is not responsible in any way for any errors or omissions in the Summons, any allegations contained in the Complaint, or the service of the Summons or Complaint. | File Date |

| I certify I have read and understand the above: | Signed *(Self-Represented Plaintiff)* | Date | Docket Number |
|---|---|---|---|
| | | | |

(Page 1 of 2)

## Instructions

1. Type or print legibly; sign summons.
2. Prepare or photocopy a summons for each defendant.
3. Attach the original summons to the original complaint, and attach a copy of the summons to each copy of the complaint. Also, if there are more than 2 plaintiffs or more than 4 defendants prepare form JD-CV-2 and attach it to the original and all copies of the complaint.
4. After service has been made by a proper officer, file original papers and officer's return with the clerk of court.
5. Do not use this form for the following actions:

    (a) Family matters (for example divorce, child support, custody, paternity, and visitation matters)
    (b) Summary Process actions
    (c) Applications for change of name
    (d) Probate appeals
    (e) Administrative appeals

    (f) Proceedings pertaining to arbitration
    (g) Any actions or proceedings in which an attachment, garnishment or replevy is sought
    (h) Entry and Detainer proceedings
    (i) Housing Code Enforcement actions

### ADA NOTICE

The Judicial Branch of the State of Connecticut complies with the Americans with Disabilities Act (ADA). If you need a reasonable accommodation in accordance with the ADA, contact a court clerk or an ADA contact person listed at www.jud.ct.gov/ADA.

## Case Type Codes

| Major Description | Codes Major/Minor | Minor Description |
|---|---|---|
| Contracts | C 00 | Construction - All other |
| | C 10 | Construction - State and Local |
| | C 20 | Insurance Policy |
| | C 30 | Specific Performance |
| | C 40 | Collections |
| | C 90 | All other |
| Eminent Domain | E 00 | State Highway Condemnation |
| | E 10 | Redevelopment Condemnation |
| | E 20 | Other State or Municipal Agencies |
| | E 30 | Public Utilities & Gas Transmission Companies |
| | E 90 | All other |
| Miscellaneous | M 00 | Injunction |
| | M 10 | Receivership |
| | M 20 | Mandamus |
| | M 30 | Habeas Corpus (extradition, release from Penal Institution) |
| | M 40 | Arbitration |
| | M 50 | Declaratory Judgment |
| | M 63 | Bar Discipline |
| | M 66 | Department of Labor Unemployment Compensation Enforcement |
| | M 68 | Bar Discipline - Inactive Status |
| | M 70 | Municipal Ordinance and Regulation Enforcement |
| | M 80 | Foreign Civil Judgments - C.G.S. 52-604 & C.G.S. 50a-30 |
| | M 83 | Small Claims Transfer to Regular Docket |
| | M 84 | Foreign Protective Order |
| | M 90 | All other |
| Housing | H 10 | Housing  - Return of Security Deposit |
| | H 12 | Housing  - Rent and/or Damages |
| | H 40 | Housing  - Audita Querela/Injunction |
| | H 50 | Housing  - Administrative Appeal |
| | H 60 | Housing  - Municipal Enforcement |
| | H 90 | Housing  - All Other |

| Major Description | Codes Major/Minor | Minor Description |
|---|---|---|
| Property | P 00 | Foreclosure |
| | P 10 | Partition |
| | P 20 | Quiet Title/Discharge of Mortgage or Lien |
| | P 30 | Asset Forfeiture |
| | P 90 | All other |
| Torts (Other than Vehicular) | T 02 | Defective Premises - Private - Snow or Ice |
| | T 03 | Defective Premises - Private - Other |
| | T 11 | Defective Premises - Public - Snow or Ice |
| | T 12 | Defective Premises - Public - Other |
| | T 20 | Products Liability - Other than Vehicular |
| | T 28 | Malpractice - Medical |
| | T 29 | Malpractice - Legal |
| | T 30 | Malpractice - All other |
| | T 40 | Assault and Battery |
| | T 50 | Defamation |
| | T 61 | Animals - Dog |
| | T 69 | Animals - Other |
| | T 70 | False Arrest |
| | T 71 | Fire Damage |
| | T 90 | All other |
| Vehicular Torts | V 01 | Motor Vehicles* - Driver and/or Passenger(s) vs. Driver(s) |
| | V 04 | Motor Vehicles* - Pedestrian vs. Driver |
| | V 05 | Motor Vehicles* - Property Damage only |
| | V 06 | Motor Vehicle* - Products Liability Including Warranty |
| | V 09 | Motor Vehicle* - All other |
| | V 10 | Boats |
| | V 20 | Airplanes |
| | V 30 | Railroads |
| | V 40 | Snowmobiles |
| | V 90 | All other |
| | | *Motor Vehicles include cars, trucks, motorcycles, and motor scooters. |
| Wills, Estates and Trusts | W 10 | Construction of Wills and Trusts |
| | W 90 | All other |

JD-CV-1   Rev. 4-16 (Back/Page 2)

| | | |
|---|---|---|
| **RETURN DATE: NOVEMBER 5, 2019** | : | **SUPERIOR COURT** |
| **CASEY BERNARD** | : | **J.D. of NEW HAVEN** |
| **VS.** | : | **AT NEW HAVEN** |
| **YALE UNIVERSITY;** **YALE SCHOOL OF MEDICINE** | : | **OCTOBER 2, 2019** |

## <u>COMPLAINT</u>

<u>**FIRST COUNT**</u>: (As to defendant, Yale University/Yale School of Medicine)

1.      At all times relevant hereto, the defendant, **Yale  University/Yale School of Medicine**, were professional corporations organized and existing under the laws of the State of Connecticut.

2.      At all times mentioned herein, **David Kovacevic, M.D.** was an agent, servant, and/or employee of the defendants, **Yale University/Yale School of Medicine**, acting within the scope of his authority.

3.      On or about February 8, 2018, the plaintiff, **Casey Bernard**, came under the continuing medical care and treatment of **David Kovacevic, M.D.** following a fall in which she injured her right arm.

4.      At her first visit with Dr. Kovacevic, the plaintiff was diagnosed with a displaced right elbow intra-articular distal humerus fracture, capitellar shear fracture with trochlear involvement.

5.      Based upon evaluation and assessment by Dr. Kovacevic during her visit of February 8, 2018, it was determined that the plaintiff would undergo surgery on her

right arm, consisting of an open reduction internal fixation of a right elbow fracture, possible olecranon osteotomy and repair, and possible ulnar nerve transposition.

6.     On February 26/27, 2018, at Yale New Haven Hospital, St. Raphael Campus, the plaintiff underwent an open reduction internal fixation of her right elbow distal humerus fracture, including placement of hardware, anterior subcutaneous ulnar nerve transposition, and olecranon osteotomy and repair, all performed by Dr. Kovacevic.

7.     The plaintiff was discharged on February 28, 2018, and continued to be followed by Dr. Kovacevic as an outpatient for her persistent symptoms and complaints.

8.     Subsequent thereto, despite undergoing frequent physical therapy treatments and despite following Dr. Kovacevic's post-surgery protocols, the plaintiff has suffered from persistent pain in her right (dominant) arm and shoulder, numbness in her right hand and fingers, stiffness in her right elbow, loss of range of motion of her right arm and shoulder, loss of strength in her right arm, "locking" of her elbow, compensatory pain and fatigue in her left arm, and a permanent inability to straighten her right arm.

9.     Subsequent thereto, the plaintiff was forced to undergo a second major surgery on her right arm on December 6, 2018, to address and correct a malreduction of the right distal humerus fracture and proximal ulna, malposition of the hardware implanted by Dr. Kovacevic, and her continuing right arm dysfunction; said second surgery consisted of a right elbow interposition arthroplasty, with an open reduction biopsy of the elbow joint, removal of the hardware implanted by Dr. Kovacevic during the first surgery, and implantation of new hardware.

10.     The injuries, losses, and damages sustained by the plaintiff were caused by the carelessness and negligence of **David Kovacevic, M.D.** in any one or more of the following respects; in that

a.     the defendant failed to reduce the plaintiff's right elbow fracture anatomically;

b.     the defendant failed to assure that the hardware installed during the surgical procedure he performed did not impinge upon the elbow joint;

c.     the defendant failed to recognize the risks associated with all the foregoing; and

d.     the defendant failed to use good and known medical and surgical practices and procedures.

11.     As a result of the carelessness and negligence of the defendant, the plaintiff has suffered a permanent partial loss of use of her right arm, persistent pain in her right arm and shoulder, numbness in her right hand and fingers, stiffness in her right elbow, loss of range of motion of her right arm and shoulder, loss of strength in her right arm, "locking" of her elbow, scarring and disfigurement, a permanent inability to straighten her right arm, and complications of all of the foregoing including physical and emotional pain and suffering.

12.     As a further result of the carelessness and negligence of the defendant, the plaintiff continues to suffer from ongoing pain and dysfunction in her right arm with complications of same including loss of mobility, function, and ongoing physical and emotional pain and suffering.

13.     As a further result of the carelessness and negligence of the defendant, the plaintiff was required to spend great sums of money for medical care and attention, hospitalizations, medicines, rehabilitation, additional procedures and may be required to spend additional sums in the future.

14.     As a result of the carelessness and negligence of the defendant, the plaintiff has been deprived of the enjoyment of her regular activities and quality of life.

15.     As a further result of the carelessness and negligence of the defendant, the plaintiff has sustained a loss of earnings and loss of earning capacity.

Dated at New Haven, Connecticut, this 2nd day of October, 2019.

THE PLAINTIFF

BY:

John J. Kennedy, Esq.
Kennedy Johnson Schwab & Roberge
555 Long Wharf Drive, 13th Floor
New Haven, CT 06511
Telephone: (203) 865-8430

RETURN DATE: NOVEMBER 5, 2019  :  **SUPERIOR COURT**

**CASEY BERNARD**      :  **J.D. of NEW HAVEN**

**VS.**           :  **AT NEW HAVEN**

**YALE UNIVERSITY;**     :  **OCTOBER 2, 2019**
**YALE SCHOOL OF MEDICINE**

<u>**STATEMENT OF DEMAND**</u>

  The Plaintiff in the above entitled action claim compensatory damages in excess of FIFTEEEN THOUSAND ($15,000.00) DOLLARS.

       THE PLAINTIFF

      BY _____
        John J. Kennedy, Esq.
        Kennedy Johnson Schwab & Roberge
        555 Long Wharf Drive, 13th Floor
        New Haven, CT 06511

RETURN DATE: NOVEMBER 5, 2019     :      **SUPERIOR COURT**

**CASEY BERNARD**                  :      **J.D. of NEW HAVEN**

**VS.**                             :      **AT NEW HAVEN**

**YALE UNIVERSITY;**            :      **OCTOBER 2, 2019**
**YALE SCHOOL OF MEDICINE**

## CERTIFICATE OF REASONABLE INQUIRY

I hereby certify that I have made a reasonable inquiry, as permitted by the circumstances, to determine whether there are grounds for a good faith belief that there has been negligence in the care or treatment of the claimant.  Copy of written opinion of a similar health care provider as required pursuant to Connecticut General Statutes §52-190a is attached hereto.  This inquiry has given rise to a good faith belief on my part that grounds exist for an action against each named defendant.

                                                 John J. Kennedy
                                               Commissioner of the Superior Court

RETURN DATE: OCTOBER 1, 2019          :          SUPERIOR COURT

CASEY BERNARD                          :          J.D. of NEW HAVEN

VS.                                    :          AT NEW HAVEN

YALE MEDICAL GROUP;                    :
DAVID KOVACEVIC, M.D.;
YALE NEW HAVEN HOSPITAL; and
YALE UNIVERSITY SCHOOL OF MEDICINE:               AUGUST 23, 2019

PHYSICIAN'S OPINION
PURSUANT TO C.G.S. SECTION 52-190a

*[NOT SUBJECT TO GENERAL DISCLOSURE]*

I am board certified in orthopedic surgery and I am familiar with the standard of care as it relates to the practice of orthopedic surgery in the year 2018 and forward in the United States.

I have reviewed the medical records of Casey Bernard. Specifically, I have reviewed the records from Griffin Hospital, Yale Medicine f/k/a Yale Medical Group, Yale New Haven Hospital, Yale New Haven Occupational Therapy, David Kovacevic, M.D. and Kenneth Donahue, M.D.

Based upon my review of the above, Casey Bernard, a 40 year old female, presented to David Kovasevic, M.D. on February 8, 2018 for evaluation of an injury to her right arm. She reported that on February 6, 2018 she had slipped and fallen on an accumulation of snow and ice on a sidewalk. She was transported from the scene by ambulance and seen emergently at Griffin Hospital, where x-rays and a CT scan of her right elbow revealed a comminuted intra-articular distal humeral transcondylar fracture.

Upon physical exam and review of the radiologic studies, Dr. Kovacevic diagnosed Ms. Bernard as having suffered a closed. displaced right elbow intra-articular distal humerus fracture, capitellar shear fracture with trochlear involvement. Dr. Kovasevic obtained consent from Ms. Bernard to perform surgery on her right elbow, consisting of an open reduction internal fixation of the right elbow fracture, a possible olecranon osteotomy and repair, and a possible ulnar nerve transportation.  The surgery was to be performed within a week or two of Ms. Bernard's visit.

On February 26, 2018 Ms. Bernard presented to Yale New Haven Hospital, St. Raphael's Campus, to undergo the surgical procedure Dr. Kovacevic had recommended. Dr. Kovacevic performed the surgery commencing at approximately 6:00 p.m. and ending at approximately 12:39 a.m. on February 27, 2018.  Per Dr. Kovacevic's operative note, upon deep exposure of the elbow joint, it was found that the capitellum was anteriorly and medially displaced 100% relative to position of the radial head.  Because of the articular comminution, Dr. Kovacevic made the decision to perform an olecranon osteotomy.  The ulnar nerve was anteriorly transposed in a subcutaneous pocket.  Per Dr. Kovasevic's operative note, the appropriate placement of all hardware, and the appropriate anatomical reduction and fixation were all confirmed using fluoroscopy.  There were no noted complications.

Post-operatively, following discharge on February 28, 2018, Ms. Bernard experienced a marked increase in pain and swelling and she was seen emergently at Griffin Hospital on March 2, 2018, complaining of right arm and shoulder pain.  Thereafter, Ms.

Bernard was fitted with a hinged elbow brace to be worn for 10 weeks.  She began physical therapy on March 22, 2018 to address her ongoing recuperation and elbow stiffness.  At her physical therapy visit of May 1, 2018, Ms. Bernard reported that her elbow "pops and hurts" and that the pain interfered with her sleep.  On May 3, 2018, Ms. Bernard reported that elbow clicking and catching were interfering with her range of motion and use of her right arm.  On May 9, 2018, Dr. Kovacevic evaluated Ms. Bernard and said he was "happy with where she was for 10 weeks post-op."  An x-ray study that day showed: "posterior ulnar plate with associated screws as well as interfragmentary screws …are in similar position [vis-à-vis x-rays of March 8, 2018] without radiographic evidence of complication or failure.  Epicondylar and olecranon fractures demonstrate bony callus formation compatible with ongoing healing.  Evaluation of the articular surfaces is limited by obliquity of the lateral view."  On June 11, 2018, Dr. Kovacevic examined Ms. Bernard and noted that she was still experiencing "grinding" and that physical therapy should continue to work on her elbow flexion.  At that visit Dr. Kovacevic advised Ms. Bernard that he was leaving the Yale Medical Group at the end of June and he was referring future care of Ms. Bernard to Dr. Kenneth Donahue.

At her physical therapy session on July 17, 2018, Ms. Bernard reported that her elbow was not improving.  She said Dr. Kovacevic had called her and suggested she might need further surgery.  He recommended that she have a CT scan of her elbow at that time.

Ms. Bernard had her first visit with Dr. Donahue on July 27, 2018. X-rays were obtained in conjunction with that visit.  Dr. Donahue reported: "Xrays of the right elbow

personally reviewed which demonstrate malposition of hardware in the proximal ulna and distal radius." He assessed Ms. Bernard as having "malreduction of the right distal humerus fracture and proximal ulna with ongoing dysfunction". He discussed options with Ms. Bernard, including "possible revision surgery as well as total elbow replacement".

On September 5, 2018, Dr. Donahue again saw Ms. Bernard. Of that visit, he wrote: "She has ulnotrochlear subluxation, as well as anterior displacement of her coronal capitellar fracture....Ultimately, I think she would benefit from revision surgery. At this point, she is looking at a salvage procedure, which includes either interposition arthroplasty or total elbow arthroplasty. Based on her CT scan, I do not expect that the cartilage is preserved enough to warrant a revision, open reduction and internal fixation. In light of her age, right hand dominance, and functional expectations, I think that interposition arthroplasty with an internal fixator, resection of the capitellar fragment, and possible radial head resection will offer her the best result."

On December 6, 2018, Ms. Bernard underwent a "right elbow interposition arthroplasty open reduction biopsy [sic] with hardware removal", and with placement of new hardware, all performed by Dr. Donahue.

Based upon the foregoing, it is my opinion that there appears to be evidence of medical negligence on the part of David Kovacevic, M.D. and his group in the care and treatment of Casey Bernard.

The basis of this opinion includes the failure to anatomically reduce the elbow fracture sustained in the fall of February 6, 2018, the failure to make certain that the

hardware implanted during the first elbow surgery of February 26/27, 2018 did not impinge upon the elbow joint function (i.e. did not avoid intraarticular placement), the failure to timely recognize the malreduction of the fracture and/or the malposition of the hardware, and the failure to use good and known medical and surgical practices and procedures.

The opinion stated herein is based upon the information available to me at this time. Should other information and evidence become available, I reserve the right to supplement and or amend this opinion.

*Kennedy, Johnson, Schwab & Roberge L.L.C.* • ATTORNEYS AT LAW
LONG WHARF MARITIME CENTER • 555 LONG WHARF DRIVE, 13th Floor • NEW HAVEN, CT 06511
FAX (203) 865-5345 • (203) 865-8430 • JURIS NO. 106077

| | | |
|---|---|---|
| RETURN DATE: NOVEMBER 5, 2019 | : | SUPERIOR COURT |
| CASEY BERNARD | : | JUDICIAL DISTRICT OF NEW HAVEN |
| VS. | : | AT NEW HAVEN |
| YALE UNIVERSITY, ET AL | : | OCTOBER 8, 2019 |

## **RETURN OF SERVICE**

STATE OF CONNECTICUT

               SS: New Haven

COUNTY OF NEW HAVEN

October 8, 2019

      Then and there, and by virtue hereof, I made service of the within and foregoing original Writ, *Summons-Civil, Complaint, Statement of Demand, Certificate of Reasonable Inquiry, Physician's Opinion,* by leaving a True and Attest copy with and in the hands of Harold Rose, Associate General Counsel, person authorized to accept service and who accepted service for **Yale University** at 2 Whitney Avenue, 6th Floor, New Haven, CT with my doings hereon endorsed.

      Then and there, and by virtue hereof, I made service of the within and foregoing original Writ, *Summons-Civil, Complaint, Statement of Demand, Certificate of Reasonable Inquiry, Physician's Opinion,* by leaving a True and Attest copy with and in the hands of Harold Rose, Associate General Counsel, person authorized to accept service and who accepted service for **Yale School of Medicine** at 2 Whitney Avenue, 6th Floor, New Haven, CT with my doings hereon endorsed.

Attest_____
           Brian Mezick
           Connecticut State Marshal
           County of New Haven

| | | |
|---|---|---|
| Service | $ | 60.00 |
| Travel | $ | 5.00 |
| Pages | $ | 26.00 |
| Endorsements | $ | 3.60 |
| | $ | 94.60 |

BRIAN MEZICK, STATE MARSHAL, NEW HAVEN COUNTY
THE ATWATER BUILDING · 35 ELM STREET, SUITE 1A · NEW HAVEN, CT 06510 · 0203
TELEPHONE (203) 684 - 3100 · FACSIMILE (203) 608 - 4355   STATEMARSHAL@MEZICK.COM



# EXHIBIT B



**SUMMONS - CIVIL**
JD-CV-1  Rev. 1-20
C.G.S. §§ 51-346, 51-347, 51-349, 51-350, 52-45a, 52-48, 52-259;
P.B. §§ 3-1 through 3-21, 8-1, 10-13

Instructions are on page 2.

For information on
ADA accommodations,
contact a court clerk or
go to: www.jud.ct.gov/ADA.

STATE OF CONNECTICUT
**SUPERIOR COURT**
www.jud.ct.gov

- [ ] Select if amount, legal interest, or property in demand, not including interest and costs, is LESS than $2,500.
- [X] Select if amount, legal interest, or property in demand, not including interest and costs, is $2,500 or MORE.
- [ ] Select if claiming other relief in addition to, or in place of, money or damages.

*THIS ACTION IS BY THE UNITED STATES AS PROVIDED FOR IN FED.R.CIV.P. 4(i) AND SHOULD NOT BE CONSTRUED AS SERVICE UPON ANY FEDERAL OFFICIAL BEING SUED IN HIS/HER INDIVIDUAL CAPACITY AS DISTINGUISHED FROM OFFICIAL CAPACITY.*

TO: Any proper officer
By authority of the State of Connecticut, you are hereby commanded to make due and legal service of this summons and attached complaint.

| Address of court clerk *(Number, street, town and zip code)* | Telephone number of clerk | Return Date *(Must be a Tuesday)* |
|---|---|---|
| 235 CHURCH STREET, NEW HAVEN, CT 06510 | (203) 503 – 6800 | 03/31/2020 |

- [X] Judicial District    [ ] G.A.  Number: _____    At (City/Town): NEW HAVEN    3·11·19
- [ ] Housing Session

Case type code (See list on page 2)  Major: T    Minor: 28

For the plaintiff(s) enter the appearance of:

| Name and address of attorney, law firm or plaintiff if self-represented *(Number, street, town and zip code)* | Juris number *(if attorney or law firm)* |
|---|---|
| DONAHUE, DURHAM & NOONAN, P.C., 741 BOSTON POST RD., #306, GUILFORD, CT 06437 | 415438 |

| Telephone number | Signature of plaintiff *(if self-represented)* |
|---|---|
| (203) 458 – 9168 | |

The attorney or law firm appearing for the plaintiff, or the plaintiff if
self-represented, agrees to accept papers (service) electronically
in this case under Section 10-13 of the Connecticut Practice Book.  [X] Yes  [ ] No

E-mail address for delivery of papers under Section 10-13 of the
Connecticut Practice Book *(if agreed)*
mdurham@ddnctlaw.com

| Parties | | Name *(Last, First, Middle Initial)* and address of each party *(Number; street; P.O. Box; town; state; zip; country, if not USA)* | |
|---|---|---|---|
| First plaintiff | Name: | APPORTIONMENT PLAINTIFF | P-01 |
| | Address: | YALE UNIVERSITY | |
| Additional plaintiff | Name: | APPORTIONMENT PLAINTIFF | P-02 |
| | Address: | YALE SCHOOL OF MEDICINE | |
| First defendant | Name: | GCO ENTERPRISES, LLC | D-01 |
| | Address: | AGENT FOR SERVICE: Mark Iannone, 250 Wolcott Road, Wolcott, CT 06716 | |
| Additional defendant | Name: | UNITED STATES OF AMERICA | D-02 |
| | Address: | U.S. Attorney's Office, c/o John H. Durham, Esq., 157 Church Street, Floor 25, New Haven, CT 06510 | |
| Additional defendant | Name: | | D-03 |
| | Address: | | |
| Additional defendant | Name: | | D-04 |
| | Address: | | |

| Total number of plaintiffs: 2 | Total number of defendants: 2 | [ ] Form JD-CV-2 attached for additional parties |
|---|---|---|

## Notice to each defendant

1. **You are being sued.** This is a summons in a lawsuit. The complaint attached states the claims the plaintiff is making against you.
2. To receive further notices, you or your attorney must file an *Appearance* (form JD-CL-12) with the clerk at the address above. Generally, it must be filed on or before the second day after the Return Date. The Return Date is not a hearing date. You do not have to come to court on the Return Date unless you receive a separate notice telling you to appear.
3. If you or your attorney do not file an *Appearance* on time, a default judgment may be entered against you. You can get an *Appearance* form at the court address above, or on-line at https://jud.ct.gov/webforms/.
4. If you believe that you have insurance that may cover the claim being made against you in this lawsuit, you should immediately contact your insurance representative. Other actions you may take are described in the Connecticut Practice Book, which may be found in a superior court law library or on-line at https://www.jud.ct.gov/pb.htm.
5. If you have questions about the summons and complaint, you should talk to an attorney.
The court staff is not allowed to give advice on legal matters.

| Date | Signed *(Sign and select proper box)* | [X] Commissioner of Superior Court | Name of person signing |
|---|---|---|---|
| 02/26/2020 | | [ ] Clerk | MICHAEL G. DURHAM |

3/11/20  TRUE ATTEST

For Court Use Only

If this summons is signed by a Clerk:
a. The signing has been done so that the plaintiff(s) will not be denied access to the courts.
b. It is the responsibility of the plaintiff(s) to ensure that service is made in the manner provided by law.
c. The court staff is not permitted to give any legal advice in connection with any lawsuit.
d. The Clerk signing this summons at the request of the plaintiff(s) is not responsible in any way for any errors or omissions in the summons, any allegations contained in the complaint, or the service of the summons or complaint.

File Date

— MARSHAL
NEW HAVEN COUNTY CONNECTICUT

| I certify I have read and understand the above: | Signed *(Self-represented plaintiff)* | Date 02/26/2020 | Docket Number |
|---|---|---|---|

Page 1 of 2

**Instructions**

1. Type or print legibly. If you are a self-represented party, this summons must be signed by a clerk of the court.
2. If there is more than one defendant, make a copy of the summons for each additional defendant. Each defendant must receive a copy of this summons. Each copy of the summons must show who signed the summons and when it was signed. If there are more than two plaintiffs or more than four defendants, complete the Civil Summons Continuation of Parties (form JD-CV-2) and attach it to the original and all copies of the summons.
3. Attach the summons to the complaint, and attach a copy of the summons to each copy of the complaint. Include a copy of the Civil Summons Continuation of Parties form, if applicable.
4. After service has been made by a proper officer, file the original papers and the officer's return of service with the clerk of the court.
5. Use this summons for the case type codes shown below.

Do not use this summons for the following actions:

(a) Family matters (for example divorce, child support, custody, paternity, and visitation matters)
(b) Any actions or proceedings in which an attachment, garnishment or replevy is sought
(c) Applications for change of name
(d) Probate appeals

(e) Administrative appeals
(f) Proceedings pertaining to arbitration
(g) Summary Process (Eviction) actions
(h) Entry and Detainer proceedings
(i) Housing Code Enforcement actions

## Case Type Codes

| MAJOR DESCRIPTION | CODE Major/Minor | MINOR DESCRIPTION | MAJOR DESCRIPTION | CODE Major/Minor | MINOR DESCRIPTION |
|---|---|---|---|---|---|
| Contracts | C 00 | Construction - All other | Property | P 00 | Foreclosure |
| | C 10 | Construction - State and Local | | P 10 | Partition |
| | C 20 | Insurance Policy | | P 20 | Quiet Title/Discharge of Mortgage or Lien |
| | C 30 | Specific Performance | | P 30 | Asset Forfeiture |
| | C 40 | Collections | | P 90 | All other |
| | C 50 | Uninsured/Underinsured Motorist Coverage | | | |
| | C 90 | All other | Torts (Other than Vehicular) | T 02 | Defective Premises - Private - Snow or Ice |
| Eminent Domain | E 00 | State Highway Condemnation | | T 03 | Defective Premises - Private - Other |
| | E 10 | Redevelopment Condemnation | | T 11 | Defective Premises - Public - Snow or Ice |
| | E 20 | Other State or Municipal Agencies | | T 12 | Defective Premises - Public - Other |
| | E 30 | Public Utilities & Gas Transmission Companies | | T 20 | Products Liability - Other than Vehicular |
| | E 90 | All other | | T 28 | Malpractice - Medical |
| | | | | T 29 | Malpractice - Legal |
| Housing | H 10 | Housing - Return of Security Deposit | | T 30 | Malpractice - All other |
| | H 12 | Housing - Rent and/or Damages | | T 40 | Assault and Battery |
| | H 40 | Housing - Housing - Audita Querela/Injunction | | T 50 | Defamation |
| | H 50 | Housing - Administrative Appeal | | T 61 | Animals - Dog |
| | H 60 | Housing - Municipal Enforcement | | T 69 | Animals - Other |
| | H 90 | Housing - All Other | | T 70 | False Arrest |
| | | | | T 71 | Fire Damage |
| Miscellaneous | M 00 | Injunction | | T 90 | All other |
| | M 10 | Receivership | Vehicular Torts | V 01 | Motor Vehicles* - Driver and/or Passenger(s) vs. Driver(s) |
| | M 15 | Receivership for Abandoned/Blighted Property | | V 04 | Motor Vehicles* - Pedestrian vs. Driver |
| | M 20 | Mandamus | | V 05 | Motor Vehicles* - Property Damage only |
| | M 30 | Habeas Corpus (extradition, release from Penal Institution) | | V 06 | Motor Vehicle* - Products Liability Including Warranty |
| | M 40 | Arbitration | | V 09 | Motor Vehicle* - All other |
| | M 50 | Declaratory Judgment | | V 10 | Boats |
| | M 63 | Bar Discipline | | V 20 | Airplanes |
| | M 66 | Department of Labor Unemployment Compensation Enforcement | | V 30 | Railroads |
| | | | | V 40 | Snowmobiles |
| | M 68 | Bar Discipline - Inactive Status | | V 90 | All other |
| | M 70 | Municipal Ordinance and Regulation Enforcement | | | *Motor Vehicles include cars, trucks, motorcycles, and motor scooters. |
| | M 80 | Foreign Civil Judgments - C.G.S. 52-604 & C.G.S. 50a-30 | | | |
| | M 83 | Small Claims Transfer to Regular Docket | Wills, Estates and Trusts | W 10 | Construction of Wills and Trusts |
| | M 84 | Foreign Protective Order | | W 90 | All other |
| | M 89 | CHRO Action in the Public Interest - P.A. 19-93 | | | |
| | M 90 | All other | | | |

Page 2 of 2

DOCKET NO. NNH CV 19 6097151 S

CASEY BERNARD

v.

YALE UNIVERSITY, ET AL

SUPERIOR COURT

J.D. OF NEW HAVEN

AT NEW HAVEN

FEBRUARY 26, 2020

### APPORTIONMENT COMPLAINT

**COUNT ONE (as to GCO Enterprises, LLC)**

      1.      By Writ, Summons and Complaint returnable to the Judicial District of New Haven at New Haven on November 5, 2019, the plaintiff, Casey Bernard, instituted a civil action entitled Casey Bernard v. Yale University, et al, bearing Docket No. NNH-CV-19-6097151-S, in which she alleges that the negligence of the defendants/apportionment plaintiffs, Yale University and Yale School of Medicine, caused her to suffer personal injuries and damages.   The defendants/apportionment plaintiffs deny that they were negligent.

      2.      In her Complaint, the plaintiff alleges that she injured her right arm in a fall. Upon information and belief, this fall occurred on or about February 6, 2018.

      3.      The plaintiff further alleges that on February 8, 2018 she came under the continuing medical care and treatment of an agent, servant and/or employee of the defendants/apportionment plaintiffs for the injuries she sustained to her right arm in the February 6, 2018 fall.

**DONAHUE, DURHAM & NOONAN, P.C.**
CONCEPT PARK  •  741 BOSTON POST ROAD
GUILFORD, CONNECTICUT 06437
TEL:  (203) 458-9168  •  FAX: (203) 458-4424
JURIS NO. 415438

4.    The plaintiff further alleges that she suffered injuries as a result of the defendants/apportionment plaintiffs' medical care and treatment of her right arm.

5.    The plaintiff's February 6, 2018 fall occurred on an accumulation of ice and/or snow on the cement sidewalk adjacent to the building located at 1 Washington Avenue, Woodbury, Connecticut.

6.    At all times mentioned herein, the apportionment defendant, GCO Enterprises, LLC, leased, owned and/or controlled the property located at 1 Washington Avenue, Woodbury, Connecticut, including the buildings and improvements thereon.

7.    At all times mentioned herein, the apportionment defendant, GCO Enterprises, LLC, its agents, apparent agents, servants and/or employees, controlled, maintained, operated, managed and/or supervised the premises located at 1 Washington Avenue, Woodbury, Connecticut, including the aforementioned sidewalk that was situated thereon.

8.    At all times mentioned herein, the aforementioned sidewalk that was adjacent to the building located at 1 Washington Avenue, Woodbury, Connecticut, contained a defective, dangerous, and unsafe condition, namely an accumulation of ice and/or snow.

9.    At all times mentioned herein, the apportionment defendant, GCO Enterprises, LLC, owed a duty to the plaintiff to maintain the sidewalk located at 1 Washington Avenue, Woodbury, Connecticut, and to keep it free from dangerous and/or defective conditions which could pose a threat to the safety of persons lawfully patronizing the premises, including the plaintiff.

10.    The defendants/apportionment plaintiffs, Yale University and Yale School of Medicine, allege that the injuries and damages sustained by the plaintiff, Casey Bernard, if any, were caused in whole or in part by the negligence and carelessness of the apportionment defendant, GCO Enterprises, LLC, in one or more of the following ways:

a.    In that the apportionment defendant by and through its agents, apparent agents, servants, and/or employees had notice and knowledge, or with reasonable care and diligence, should have had notice and knowledge of the ice and/or snow causing the dangerous, slippery, hazardous and unsafe condition of the sidewalk;

b.    In that the apportionment defendant by and through its agents, apparent agents, servants, and/or employees failed to use reasonable care and/or diligence to inspect and to maintain the sidewalk so as to keep it in a reasonably safe condition, so as to guard against and prevent the danger of slipping and falling by business invitees, including the plaintiff, which danger was reasonably to be anticipated under the circumstances then and there existing;

c.    In that the apportionment defendant by and through its agents, apparent agents, servants, and/or employees caused, allowed and/or permitted the aforedescribed condition of the sidewalk to be and/or become icy, hazardous, slippery, defective, dangerous and unsafe for use by business invitees,

3

including the plaintiff, and for more than a reasonable time allowed, permitted and/or maintained the same in said condition;

d.      In that the apportionment defendant by and through its agents, apparent agents, servants, and/or employees failed to remove ice and snow far enough away from the sidewalk's surfaces and cement joints, and/or allowed and created snow banks too close to the sidewalk's surfaces and cement joints, therefore allowing snow and ice to melt and refreeze on the surface and in the joints, causing the dangerous, slippery, hazardous and unsafe condition of the sidewalk;

e.      Although the apportionment defendant by and through its agents, apparent agents, servants, and/or employees had notice or knowledge of such unsafe, icy, dangerous, slippery, defective and hazardous condition of the sidewalk, or with reasonable care should have had such notice and knowledge, it failed and/or neglected to warn the plaintiff of said conditions;

f.      Although the apportionment defendant by and through its agents, apparent agents, servants, and/or employees had notice or knowledge of such unsafe, icy, dangerous, slippery, defective and hazardous condition of the sidewalk, or with reasonable care should have had such notice and knowledge, it failed and/or neglected to take steps to remove said conditions and/or to apply sand, salt and/or other abrasive materials to said conditions; and/or

4

g.   In that the apportionment defendant by and through its agents, apparent agents, servants, and/or employees, neglected and/or failed to properly and reasonably discover said icy, dangerous, hazardous, slippery, unsafe and defective condition of the sidewalk under the circumstances then and there existing.

## COUNT TWO (as to United States of America)

1.   By Writ, Summons and Complaint returnable to the Judicial District of New Haven at New Haven on November 5, 2019, the plaintiff, Casey Bernard, instituted a civil action entitled <u>Casey Bernard v. Yale University, et al.</u>, bearing Docket No. NNH-CV-19-6097151-S, in which she alleges that the negligence of the defendants/apportionment plaintiffs, Yale University and Yale School of Medicine, caused her to suffer personal injuries and damages.   The defendants/apportionment plaintiffs deny that they were negligent.

2.   In her Complaint, the plaintiff alleges that she injured her right arm in a fall. Upon information and belief, this fall occurred on or about February 6, 2018.

3.   The plaintiff further alleges that on February 8, 2018 she came under the continuing medical care and treatment of an agent, servant and/or employee of the defendants/apportionment plaintiffs for the injuries she sustained to her right arm in the February 6, 2018 fall.

4.   The plaintiff further alleges that she suffered injuries as a result of the defendants/apportionment plaintiffs' medical care and treatment of her right arm.

5

5.      The plaintiff's February 6, 2018 fall occurred on an accumulation of ice and/or snow on the cement sidewalk adjacent to the building located at 1 Washington Avenue, Woodbury, Connecticut.

6.      At all times mentioned herein, the apportionment defendant, United States of America, leased, owned and/or controlled the property located at 1 Washington Avenue, Woodbury, Connecticut, including the buildings and improvements thereon.

7.      At all times mentioned herein, the apportionment defendant, United States of America, its agents, apparent agents, servants and/or employees, controlled, maintained, operated, managed and/or supervised the premises located at 1 Washington Avenue, Woodbury, Connecticut, including the aforementioned sidewalk that was situated thereon.

8.      At all times mentioned herein, the aforementioned sidewalk that was adjacent to the building located at 1 Washington Avenue, Woodbury, Connecticut, contained a defective, dangerous, and unsafe condition, namely an accumulation of ice and/or snow.

9.      At all times mentioned herein, the apportionment defendant, United States of America, owed a duty to the plaintiff to maintain the sidewalk located at 1 Washington Avenue, Woodbury, Connecticut, and to keep it free from dangerous and/or defective conditions which could pose a threat to the safety of persons lawfully patronizing the premises, including the plaintiff.

10.      The defendants/apportionment plaintiffs, Yale University and Yale School of Medicine, allege that the injuries and damages sustained by the plaintiff, Casey Bernard, if

any, were caused in whole or in part by the negligence and carelessness of the apportionment defendant, United States of America, in one or more of the following ways:

    a.    In that the apportionment defendant by and through its agents, apparent agents, servants, and/or employees had notice and knowledge, or with reasonable care and diligence, should have had notice and knowledge of the ice and/or snow causing the dangerous, slippery, hazardous and unsafe condition of the sidewalk;

    b.    In that the apportionment defendant by and through its agents, apparent agents, servants, and/or employees failed to use reasonable care and/or diligence to inspect and to maintain the sidewalk so as to keep it in a reasonably safe condition, so as to guard against and prevent the danger of slipping and falling by business invitees, including the plaintiff, which danger was reasonably to be anticipated under the circumstances then and there existing;

    c.    In that the apportionment defendant by and through its agents, apparent agents, servants, and/or employees caused, allowed and/or permitted the aforedescribed condition of the sidewalk to be and/or become icy, hazardous, slippery, defective, dangerous and unsafe for use by business invitees, including the plaintiff, and for more than a reasonable time allowed, permitted and/or maintained the same in said condition;

d.  In that the apportionment defendant by and through its agents, apparent agents, servants, and/or employees failed to remove ice and snow far enough away from the sidewalk's surfaces and cement joints, and/or allowed and created snow banks too close to the sidewalk's surfaces and cement joints, therefore allowing snow and ice to melt and refreeze on the surface and in the joints, causing the dangerous, slippery, hazardous and unsafe condition of the sidewalk;

e.  Although the apportionment defendant by and through its agents, apparent agents, servants, and/or employees had notice or knowledge of such unsafe, icy, dangerous, slippery, defective and hazardous condition of the sidewalk, or with reasonable care should have had such notice and knowledge, it failed and/or neglected to warn the plaintiff of said conditions;

f.  Although the apportionment defendant by and through its agents, apparent agents, servants, and/or employees had notice or knowledge of such unsafe, icy, dangerous, slippery, defective and hazardous condition of the sidewalk, or with reasonable care should have had such notice and knowledge, it failed and/or neglected to take steps to remove said conditions and/or to apply sand, salt and/or other abrasive materials to said conditions; and/or

g.  In that the apportionment defendant by and through its agents, apparent agents, servants, and/or employees, neglected and/or failed to properly and reasonably discover said icy, dangerous, hazardous, slippery, unsafe and

defective condition of the sidewalk under the circumstances then and there existing.

WHEREFORE, defendants/apportionment plaintiffs, Yale University and Yale School of Medicine claim:

1.     An apportionment of liability to one or both of the apportionment defendants; and

2.     Such further relief as this Court deems just and proper.

THE DEFENDANTS /
APPORTIONMENT PLAINTIFFS,
YALE UNIVERSITY and
YALE SCHOOL OF MEDICINE


/s/ Michael G. Durham
By_____
MICHAEL G. DURHAM
MATTHEW H. GEELAN
DONAHUE, DURHAM & NOONAN, P.C.

## **CERTIFICATION**

This is to certify that a copy of the foregoing was mailed and/or e-mailed on the above-written date, to:

Attorney John J. Kennedy, Jr.
Kennedy, Johnson, Schwab & Roberge, LLC
555 Long Wharf Drive, 13th Floor
New Haven, CT  06511
sanderson@kennedyjohnson.com

/s/ Michael G. Durham

MICHAEL G. DURHAM

**STATE OF CONNECTICUT**
        **SS:**  **Wallingford**     **March 3, 2020 – March 11, 2020**
**COUNTY OF NEW HAVEN**

Pursuant to Section 52-593 (a) of the General Statutes of this State, I Timothy S. Wall, do hereby depose and say: I am a State Marshal for New Haven County in the State of Connecticut and am a Civil Officer authorized to serve civil process in this State.

On the 3rd  day of March 2020, this Writ, Summons, Apportionment Complaint, Certification, in the within action was delivered to me for service upon the defendants, **GCO ENTERPRISES, LLC AND UNITED STATES OF AMERICA.**

Within 30 days of said delivery of the Writ, Summons, Apportionment Complaint, Certification, on March 10, 2020,   I made service upon the defendants, **GCO ENTERPRISES, LLC, MARK IANNONE, AGENT FOR SERVICE, 250 WOLCOTT ROAD, WOLCOTT, CT**

Within 30 days of said delivery of the Writ, Summons, Apportionment Complaint, Certification, on March 11, 2020,    I made service upon the defendant, **UNITED STATES OF AMERICA C/O UNITED STATES ATTORNEY, DISTRICT OF CONNECTICUT, 157 CHURCH STREET, 23RD FLOOR, NEW HAVEN, CT. AND C/O US ATTORNEY GENERAL, 950 PENNSYLVANIA AVENUE, N.W., WASHINGTON, D.C. 20530, AGENT FOR THE WITHIN NAMED DEFENDANT, UNITED STATES OF AMERICA.**

hereinafter set forth shows.

Dated at Wallingford, this 11TH day of March  2020

                ATTEST:

                TIMOTHY S. WALL
                STATE MARSHAL
                NEW HAVEN COUNTY

On this 11th day of March 2020, before me, Holly B. Lafond, the undersigned officer, personally appeared, Timothy S. Wall, known to me to be the person whose name he subscribed to the within instrument and acknowledged that he executed the same for the purpose therein contained.

In witness, whereof I hereunto set my hand.

Holly B. Lafond
Notary Public
My Comm. Expires 6-30-22

## OFFICER'S RETURN

**STATE OF CONNECTICUT**

**ss: Wolcott**          **March 3, 2020 – March 10, 2020**

**COUNTY OF NEW HAVEN**

Then and there by virtue of, I served the within named defendant, **GCO ENTERPRISES, LLC,** by leaving with and in the hands of, Mark Iannone, Agent For Service, 250 Wolcott Road, in the Town of Wolcott, a true and attested copy of the original, Writ, Summons, Apportionment Complaint, Certification, with my endorsement thereon.

And afterwards on March 11, 2020, in the Town of New Haven, I left two true ad attested copies of the within original Writ, Summons, Apportionment Complaint, Certification with and in the hands of, Michael J. Castellano, (IR), USACT – New Haven, United State Department of Justice, United States Attorney's Office, District of Connecticut, who is duly authorized to accept service for the **UNITED STATES OF AMERICA,** c/o United States Attorney, District of Connecticut, 157 Church Street, 23rd Floor, New Haven, CT.

And afterwards on the 11th day of March 2020, I deposed in the U.S. Post Office via certified mail, postage prepaid, 7018 3090 0001 7692 0364, two true and attested copies of the within original, Writ, Summons, Apportionment Complaint, Certification addressed to **UNITED STATES OF AMERICA,** c/o US Attorney General, 950 Pennsylvania Avenue, N.W., Washington, D.C. 20530, Agent for the within named defendant, United States of America.

The within and foregoing is the original, Writ, Summons, Apportionment Complaint, Certification, with my doings hereon endorsed.

ATTEST:

TIMOTHY S. WALL
STATE MARSHAL
NEW HAVEN COUNTY

FEE:
| | | |
|---|---|---|
| Service Fee | $ | 120.00 |
| Copies | | 60.00 |
| Endorsement | | 4.00 |
| Travel | | 33.49 |
| Cert Mail | | 8.20 |
| TOTAL | $ | 225.69 |