UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

------------------------------------------------------------------------X
CASEY BERNARD,

        Plaintiff,                        Docket No.: 3:20-cv-481 (VAB)

v.

YALE UNIVERSITY and
YALE UNIVERSITY SCHOOL OF MEDICINE,

        Defendants/Apportionment Plaintiffs,

v.

UNITED STATES OF AMERICA and
GCO ENTERPRISES, LLC,

                                                            July 15, 2020

        Apportionment Defendants
------------------------------------------------------------------------X

### PLAINTIFF'S OBJECTION TO APPORTIONMENT DEFENDANT UNITED STATES OF AMERICA'S MOTION TO DISMISS PLAINTIFF'S APPORTIONMENT COMPLAINT

The plaintiff/apportionment plaintiff Casey Bernard (hereinafter the "Plaintiff") hereby objects to the Motion to Dismiss Plaintiff's Apportionment Complaint (ECF No. 25) filed by the apportionment defendant United States of America (hereinafter the "Government").

In support of her objection, Plaintiff hereby adopts and re-asserts in full the arguments presented and authorities cited by the defendants Yale University and Yale School of Medicine (hereinafter, collectively, "Yale") in their Objection to Motion to Dismiss (ECF No. 8) and their Sur-Reply (ECF No. 21) as to the Government's allegations of (a) failure to exhaust administrative remedies, (b) lack of derivative jurisdiction, and (c) untimeliness, without

1

repeating those arguments herein. Yale and Plaintiff, while adversaries in the case-in-chief alleging medical malpractice, occupy the same procedural position vis-à-vis the Government's Motions to Dismiss their respective apportionment complaints, and the same arguments and authorities apply.

Further, as to the Government's specific claim that Plaintiff's apportionment complaint is untimely, Plaintiff notes and objects to the Government's selective reading of Connecticut's apportionment statute (Conn. Gen. Stat. §52-102b), as set forth more fully below.[1]

As detailed in the Government's Motions to Dismiss and the exhibits thereto, Yale commenced its apportionment complaint in Plaintiff's state court medical malpractice case by service of process upon GCO Enterprises, LLC (hereinafter "GCO") on March 10, 2020 and upon the Government on March 11, 2020. The return date specified in Yale's apportionment complaint was March 31, 2020. Yale's prayer for relief seeks an apportionment of liability for Plaintiff's losses to GCO and/or the Government. In so doing, Yale seeks to invoke the provisions of Conn. Gen. Stat. §52-102b(a), which provides, in pertinent part:

> A defendant in any civil action to which section 52-572h applies [negligence actions seeking damages for personal injuries, wrongful death, or damage to property] may serve a writ, summons and complaint upon a person not a party to the action who is or may be liable pursuant to said section for a proportionate share of the plaintiff's damages in which case the demand for relief shall seek an apportionment of liability.

The Government then removed the state court action to the United States District Court by a Notice of Removal filed on April 10, 2020.

On May 4, 2020, Plaintiff filed its own apportionment complaint against GCO and the

---

[1] As to all the allegations of untimeliness asserted by the Government, it is also noted that the Governor of the State of Connecticut, by Executive Order 7G dated March 20, 2020, has suspended, *inter alia*, "all…time requirements, statutes of limitation or other limitations or deadlines relating to service of process, court proceedings or court filings" for the duration of the current COVID-19 pandemic.

Government.  In so doing, Plaintiff relies upon subsection (d) of Conn. Gen. Stat. §52-102b, which provides:

> Notwithstanding any applicable statute of limitation or repose, the plaintiff may, within sixty days of the return date of the apportionment complaint served pursuant to subsection (a) of this section, assert any claim against the apportionment defendant arising out of the transaction or occurrence that is the subject matter of the original complaint.

This subsection, mentioned nowhere in the Government's moving papers, directly authorizes actions such as Plaintiff's apportionment complaint in this case -- "*notwithstanding any applicable statute of limitation or repose*" -- and sets the time limit for bringing such an action. That time limit is determined by reference to the return date of a defendant's apportionment action, not by the return date of a plaintiff's original complaint.  Since the return date of Yale's apportionment complaint was March 31, 2020, Plaintiff had until May 30, 2020 (sixty days from that return date) to bring her own apportionment complaint against any or all of the third-party defendants Yale sued.  Plaintiff comfortably beat that deadline, having filed on May 4, 2020.

It is important to recognize the purpose of subsection (d) of Conn. Gen. Stat. §52-102b as part of Connecticut's procedure for apportioning liability among several tortfeasors.  If a plaintiff were not given an opportunity to "sue over" against parties brought in for apportionment purposes by the original defendant, and if the finder of fact thereafter assessed some percentage of liability to the apportionment defendant not sued by the plaintiff, the plaintiff would not be able to recover those damages found to be the fault of the apportionment defendant, since the plaintiff would have asserted no claim for relief against that party. Hypothetically, in this case, if Plaintiff did not sue over against the Government, and it was ultimately determined that the Government was responsible for 40% of Plaintiff's total loss, Plaintiff would only recover 60% of her total damages.  Thus, when Yale sought to bring in the

Government and GCO as apportionment defendants, Plaintiff had no choice but to sue them to preserve her right to a full recovery of all of her damages.  If Yale has the right to bring in additional parties for apportionment purposes under the facts and circumstances of this case, Plaintiff must be afforded the right to make a direct claim against those parties as well.

     For the foregoing reasons, Plaintiff objects to the Government's Motion to Dismiss (ECF No. 25), and urges the court to deny said Motion.

                  PLAINTIFF
                  CASEY BERNARD

                  */s/ Clifford J. Grandjean*
                  Clifford J. Grandjean, Esq.
                  Bar No. ct06362
                  Kennedy, Johnson, Schwab & Roberge, LLC
                  555 Long Wharf Drive, 13th Floor
                  New Haven, CT 06511
                  Tel (203) 865-8430
                  cgrandjean@kennedyjohnson.com

**CERTIFICATION**

      I hereby certify that on July 15, 2020, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent via e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

      */s/ Clifford J. Grandjean*
      Clifford J. Grandjean, Esq.