UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

CASEY BERNARD,
    *Plaintiff,*

v.

YALE UNIVERSITY AND YALE
UNIVERSITY SCHOOL OF MEDICINE,
    *Defendants/Apportionment Plaintiffs,*

v.

UNITED STATES OF AMERICA AND
GCO ENTERPRISES, LLC,
    *Apportionment Defendants.*

No. 3:20-cv-0481 (VAB)

**RULING AND ORDER ON MOTIONS TO DISMISS**

Casey Bernard ("Plaintiff") filed suit against Yale University and Yale University School of Medicine (collectively, "Yale") for medical malpractice after treatment by a doctor employed by Yale following a slip and fall injury. *Bernard v. Yale Univ.*, Docket No. NNH-CV19-6097151-S (Conn. Super. Ct. Oct. 17, 2019). Yale subsequently filed an Apportionment Complaint against the United States of America (the "Government") and GCO Enterprises, LLC ("GCO") (collectively, "Apportionment Defendants") for negligence and carelessness in maintaining the sidewalk where Ms. Bernard sustained her injuries. Ms. Bernard then filed her own Apportionment Complaints against the Apportionment Defendants, claiming her right to recovery, if Yale proves their liability.

Apportionment Defendants have moved to dismiss the claims brought against them. The Government argues that dismissal is appropriate because of sovereign immunity, the doctrine of derivative jurisdiction, and timeliness. GCO argues for dismissal because of timeliness.

1

For the reasons stated below, the Government's motions to dismiss Yale's Apportionment Complaint and Ms. Bernard's Apportionment Complaint are **GRANTED**. Consequently, the Court remands this case to the Connecticut Superior Court, Judicial District of New Haven, and GCO's motion to dismiss Ms. Bernard's Apportionment Complaint is **DENIED** as moot.[1]

## I. FACTUAL AND PROCEDURAL BACKGROUND

### A. Factual Allegations[2]

On or around February 6, 2018, Casey Bernard allegedly fell on "the cement sidewalk adjacent to [a] building located at 1 Washington Avenue, Woodbury, Connecticut." Notice of Removal, Exhibit A, at 8 ¶ 5, ECF No. 2 (Apr. 10, 2020) ("Yale App. Compl.").[3] Ms. Bernard's fall allegedly "occurred on an accumulation of ice and/or snow on the cement sidewalk." *Id.* GCO and the Government allegedly "leased, owned and/or controlled the property located at 1 Washington Avenue, Woodbury, Connecticut, including the buildings and improvements thereon" at the time of Ms. Bernard's fall. *Id.* ¶ 6; *id.* at 33 ¶ 6.

On or around February 8, 2018, Ms. Bernard allegedly "came under the continuing medical care and treatment" of Dr. David Kovacevic, a doctor employed by Yale, for an injury to her right arm, allegedly sustained from the fall. Mem. of Law in Support of Mot. to Dismiss, Exhibit A, at 13 ¶ 2-3, ECF 8-1 (Apr. 14, 2020) ("Underlying Compl.").

---

[1] GCO's motion to dismiss Yale's Apportionment Complaint, filed on the day of oral argument, is also denied as moot.

[2] The Court provides only the alleged facts necessary for its analysis of the pending motions to dismiss.

[3] Unless otherwise noted, the page numbers in this opinion refer to the document's ECF pagination.

On or around February 26, 2018, Ms. Bernard underwent surgery on her right elbow. *Id.* at 14 ¶ 6. After being discharged on or around February 28, 2018, Ms. Bernard "continued to be [treated] by Dr. Kovacevic as an outpatient for her persistent symptoms and complaints." *Id.* ¶ 7. Due to a myriad of persistent symptoms, including "numbness in her right hand and fingers" and "loss of strength in her right arm," Ms. Bernard had to undergo a second surgery. *Id.* ¶¶ 8-9.

On or around December 6, 2018, Ms. Bernard allegedly underwent the second surgery, which "consisted of[,] [*inter alia*,] a right interposition arthroplasty . . . [and] removal of the hardware implanted by Dr. Kovacevic." *Id.* ¶ 9.

According to Ms. Bernard, the injuries, losses, and damages she sustained following her fall "were caused by the carelessness and negligence of Dr. Kovacevic." *Id.* at 15 ¶ 10.

### B. Procedural History

On October 17, 2019,[4] Ms. Bernard filed the underlying medical malpractice action against Yale in the Connecticut Superior Court, Judicial District of New Haven, *see Bernard v. Yale Univ.*, Docket No. NNH-CV19-6097151-S (Conn. Super. Ct. Oct. 17, 2019), seeking compensatory damages in excess of $15,000. *See* Underlying Compl. at 17.

On March 17, 2020,[5] Yale filed an Apportionment Complaint against the Government and GCO in the same court, *see* Yale App. Compl., arguing that the "injuries and damages sustained by [Ms.] Bernard, if any, were caused in whole or in part by the negligence and

---

[4] Despite the caption of the Underlying Complaint having the date of October 2, 2019, the Superior Court's docket indicates a filing date of October 17, 2019 for the Underlying Complaint. *See* http://civilinquiry.jud.ct.gov/CaseDetail/PublicCaseDetail.aspx?DocketNo=NNHCV196097151S (last visited Mar. 19, 2021). The Court relies on the filing date on the Superior Court's docket.

[5] Similar to the Underlying Complaint, there is a discrepancy between the date provided on the document, February 26, 2020, and the filing date on the Superior Court's docket, March 17, 2020. *See* http://civilinquiry.jud.ct.gov/CaseDetail/PublicCaseDetail.aspx?DocketNo=NNHCV196097151S (last visited Mar. 19, 2021). The Court relies on the filing date on the Superior Court's docket.

carelessness of the apportionment defendant[s], GCO," *id.* at 9 ¶ 10, and the United States of America, *id.* at 12-13 ¶ 10.

On April 10, 2020, the Government removed the apportionment action to this Court. Notice of Removal, ECF No. 2 (Apr. 10, 2020).

On April 14, 2020, the Government filed a motion to dismiss the Apportionment Complaint brought by Yale. Mot. to Dismiss, ECF No. 8 (Apr. 14, 2020) ("Gov't Mot. Yale"); Mem. of L. in Supp. of Mot. to Dismiss, ECF No. 8-1 (Apr. 14, 2020) ("Gov't Mem. Yale").

On May 1, 2020, Yale filed an objection to the Government's motion to dismiss. Obj. to Mot. to Dismiss, ECF No. 9 (May 1, 2020) ("Yale Opp'n").

On May 4, 2020, Ms. Bernard filed two Apportionment Complaints, one against the Government and the other against GCO. Compl. as Against Apportionment Defs., ECF No. 10, (May 4, 2020); Compl. as Against Apportionment Defs., ECF No. 11 (May 4, 2020) ("Bernard App. Compl.").[6]

On May 13, 2020, the Government filed a reply to Yale's objection to its motion to dismiss. Gov't's Reply Br. in Further Supp. of Mot. to Dismiss, ECF No. 15 (May 13, 2020).

On May 19, 2020, Yale filed a sur-reply to the Government's reply to its objection to the motion to dismiss. Sur-Reply in Further Opp'n to Third-Party Def.'s Mot. to Dismiss, ECF No. 21 (May 19, 2020) ("Yale Sur-Reply").

On July 6, 2020, the Government filed a motion to dismiss Ms. Bernard's Apportionment Complaint. Mot. to Dismiss Pl.'s Apportionment Compl., ECF No. 25 (July 6, 2020) ("Gov't Mot. Pl."); Mem. of L. in Supp. of the Gov't's Mot. to Dismiss Pl.'s Apportionment Compl., ECF No. 25-1 (July 6, 2020) ("Gov't Mem. Pl.").

---

[6] Finding that the documents filed as ECF Nos. 10 and 11 are identical, the Court will address Ms. Bernard's Apportionment Complaint in the singular.

On July 9, 2020, GCO also filed a motion to dismiss Ms. Bernard's Apportionment Complaint. Mot. to Dismiss Pl.'s Apportionment Compl., ECF No. 28 (July 9, 2020) ("GCO Mot.").

On July 15, 2020, Ms. Bernard filed objections to both the Government's and GCO's motions to dismiss her Apportionment Complaint. Pl.'s Obj. to Apportionment Def. United States of America's Mot. to Dismiss Pl.'s Apportionment Compl., ECF No. 29 (July 15, 2020) ("Pl.'s Opp'n Gov't"); Pl.'s Obj. to Apportionment Def. GCO Enterprises, LLC's Mot. to Dismiss Pl.'s Apportionment Compl., ECF No. 30 (July 15, 2020) ("Pl.'s Opp'n GCO").

On July 29, 2020, the Government filed a response to Ms. Bernard's objection. Gov't's Reply Br. in Further Supp. of Mot. to Dismiss Pl.'s Apportionment Compl, ECF No. 31 (July 29, 2020) ("Gov't Reply Pl.").

On March 18, 2021, GCO filed a motion to dismiss Yale's Apportionment Complaint. Mot. to Dismiss Def./Apportionment Pl.'s Apportionment Compl., ECF No. 33 (Mar. 18, 2021); Mem. of L. in Supp. of GCO Enterprises, LLC's Mot. to Dismiss Def./Apportionment Pl.'s Apportionment Compl., ECF No. 33-1 (Mar. 18, 2021).

On March 18, 2021, this Court held oral argument on the pending motions. Min. Entry, ECF No. 34 (Mar. 18, 2021).

## II.  STANDARD OF REVIEW

### A.  Rule 12(b)(1)

"A case is properly dismissed for lack of subject matter jurisdiction under [Federal] Rule [of Civil Procedure] 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000) (citing Fed. R. Civ.

5

P. 12(b)(1)). The plaintiff bears the burden of establishing by a preponderance of the evidence that the court has subject matter jurisdiction over the claims. *See id.*

"When considering a motion to dismiss [under] Rule 12(b)(1), the court must take all facts alleged in the complaint as true and draw all reasonable inferences in favor of plaintiff." *Sweet v. Sheahan*, 235 F.3d 80, 83 (2d Cir. 2000); *see also Nat. Res. Def. Council v. Johnson*, 461 F.3d 164, 171 (2d Cir. 2006) (quoting Sweet, 235 F.3d at 83). The court, however, may also resolve disputed jurisdictional issues "by referring to evidence outside of the pleadings, such as affidavits, and if necessary, hold an evidentiary hearing." *Karlen ex rel. J.K. v. Westport Bd. of Educ.*, 638 F. Supp. 2d 293, 298 (D. Conn. 2009) (citing *Zappia Middle E. Constr. Co. v. Emirate of Abu Dhabi*, 215 F.3d 247, 253 (2d Cir. 2000)).

"When the Rule 12(b)(1) motion is facial, *i.e.*, based solely on the allegations of the complaint . . ., the plaintiff has no evidentiary burden." *Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 56 (2d Cir. 2016). "A defendant is [also] permitted to make a fact-based Rule 12(b)(1) motion, proffering evidence beyond the [p]leading." *Id.* "In opposition to such a motion, the plaintiffs will need to come forward with evidence of their own to controvert that presented by the defendant 'if the affidavits submitted on a 12(b)(1) motion . . . reveal the existence of factual problems' in the assertion of jurisdiction." *Id.* (omission in original) (quoting *Exchange Nat'l Bank of Chicago v. Touche Ross & Co.*, 544 F.2d 1126, 1131 (2d Cir. 1976)).

### B. Rule 12(b)(2)

On a motion to dismiss for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2), the "plaintiff bears the burden of showing that the court has jurisdiction over the defendant." *In re Magnetic Audiotape Antitrust Litig.*, 334 F.3d 204, 206 (2d Cir. 2003). The

plaintiff therefore must make a prima facie showing that jurisdiction exists. *Licci ex rel. Licci v. Lebanese Canadian Bank, SAL*, 673 F.3d 50, 59 (2d Cir. 2012).

"The prima facie showing must include an averment of facts that, if credited by the ultimate trier of fact, would suffice to establish jurisdiction over the defendant." *Id*. (internal quotation marks omitted); *see also Glenwood Sys., LLC v. Med-Pro Ideal Sols., Inc.*, No. 3:09-cv-956 (WWE), 2010 WL 11527383, at *2 (D. Conn. May 4, 2010) ("At this stage of the proceedings, if the court relies upon pleadings and affidavits, the plaintiff must make out only a prima facie showing of personal jurisdiction, and the affidavits and pleadings should be construed most favorably to the plaintiff.") (citing *CutCo Indus., Inc. v. Naughton*, 806 F.2d 361, 365 (2d Cir. 1986)), *aff'd*, 438 F. App'x 27 (2d Cir. 2011). A court considers the facts as they existed when the plaintiff filed the complaint. *See Glenwood Sys., LL*, 2010 WL 11527383, at *2 (citing *Klinghoffer v. S.N.C. Achille Lauro Ed Altri-Gestione Motonave Achille Lauro in Amministrazione Straordinaria*, 937 F.2d 44, 52 (2d Cir. 1991)).

## III. DISCUSSION

Yale argues that the Apportionment Defendants are wholly or partially liable for Plaintiff's injuries, but the Government claims that this Court lacks subject matter jurisdiction over Yale's Apportionment Complaint on the grounds of sovereign immunity, the doctrine of derivative jurisdiction, and timeliness. The Government seeks to dismiss Ms. Bernard's Apportionment Complaint on the same grounds.

GCO argues that this Court lacks personal jurisdiction on the ground of timeliness.

The Court will address each of these arguments in turn.

### A. Sovereign Immunity

#### i. Yale's Apportionment Complaint

Under Connecticut law, "[n]o person who is immune from liability shall be made an apportionment defendant nor shall such person's liability be considered for apportionment purposes . . . ." Conn. Gen. Stat. Ann. § 52-102b(c). "The United States, as sovereign, is immune from suit unless it waives immunity and consents to be sued." *Cooke v. United States*, 918 F.3d 77, 81 (2d Cir. 2019). "One such 'limited waiver' of sovereign immunity is provided by the [Federal Tort Claims Act ("FTCA")], which 'allows for a tort suit against the United States under specified circumstances.'" *Id.* (quoting *Hamm v. United States*, 483 F.3d 135, 137 (2d Cir. 2007)). The FTCA "provides that the federal district courts shall have exclusive jurisdiction over damages claims against the United States for injury or loss of property, or for personal injury or death . . . ." *Celestine v. Mt. Vernon Neighborhood Health Ctr.*, 403 F.3d 76, 80 (2d Cir. 2005). Under the FTCA,

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.

28 U.S.C. § 2675(a); *see Adeleke v. United States*, 355 F.3d 144, 153 (2d Cir. 2004) ("[A] plaintiff must first file an administrative claim with the appropriate federal agency before suing for relief in federal court."). The FTCA's requirement that a claimant exhaust all administrative remedies before commencing an action in federal court "is jurisdictional and cannot be waived." *Celestine*, 403 F.3d at 82.

8

The Government argues that "[t]he only plausible recourse against [it] lies under the Federal Tort Claims Act" and neither Ms. Bernard nor Yale have filed an FTCA complaint, thereby denying this Court subject matter jurisdiction in this case. Gov't Mem. Yale at 5.[7] Still, the Government has presented arguments as to why it believes a claim under the FTCA cannot be brought against it. *Id.* at 5-7.

The Government describes the statute as containing six elements:

> [1] against the United States, [2] for money damages, . . . [3] for injury or loss of property, or personal injury or death [4] caused by the negligent or wrongful act or omission of any employee of the Government [5] while acting within the scope of his office or employment, [6] under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

*Id.* at 6 (alteration in original) (emphasis omitted) (quoting *F.D.I.C. v. Meyer*, 510 U.S. 471, 477 (1994)). The Government argues that "if a claim does not meet the six elements found in § 1346(b), then the claim does not fall within the jurisdictional grant to the federal district courts under the FTCA." *Id.* The Government alleges that "[Yale's] Apportionment Complaint does not [] seek money damages; rather, it seeks to apportion liability to a third-party defendant." *Id.* Under this analysis, the Government argues that "the waiver of sovereign immunity under the FTCA does not apply." *Id.* (citing 28 U.S.C. § 1346(b)).

The Government also provides a footnote alleging that the exhaustion requirement for bringing an FTCA has not been met. *Id.* at 5 n.3. In responding to the Government's arguments as to why the FTCA is not applicable to this case, Yale first addresses the argument presented in that footnote. *See* Yale Opp'n at 3 ("The Government . . . claims that the FTCA is inapplicable here because neither Plaintiff nor Yale have exhausted their administrative remedies under the

---

[7] The Court references the internal pagination of this document.

9

FTCA." (citing Gov't Mem. Yale at 5 n.3)). Yale argues that exhaustion of administrative remedies was not required in this case. *Id.*

Yale cites first to the language of the FTCA, which provides, in part, that "the provisions of this subsection shall not apply to such claims as may be asserted under the Federal Rules of Civil Procedure by third party complaint, cross-claim, or counterclaim." *Id.* (emphasis omitted) (quoting 28 U.S.C. § 2675(a)). Yale then points to two cases in which district courts allowed an FTCA claim to be brought without the complainants exhausting their administrative remedies. *See id.* at 4-6 (discussing *Montanez ex rel. Rosario v. Hartford Healthcare Corp.*, No. 3:03CV1202 (GLG), 2003 WL 22389355 (D. Conn. Oct. 17, 2003) ( "[N]othing in the language of the FTCA, excepting third-party complaints from the administrative exhaustion requirement, requires the original plaintiff to have exhausted administrative remedies."); *DeGrenier v. Joly*, No. CIV.A. 301CV1012CFD, 2002 WL 31106386, at *1 (D. Conn. Aug. 9, 2002) ("While the United States correctly recognizes that 28 U.S.C. § 2675(a) requires the exhaustion of administrative remedies prior to bringing suit under the FTCA in federal court, section 2675(a) also specifically exempts third-party complaints from the exhaustion requirement.")). Yale argues that this caselaw "establishes that the Apportionment Complaint against the Government is the type of claim 'as may be asserted' under Fed. R. Civ. P. 14(a), for which exhaustion under the FTCA is not required." *Id.* at 6.

The Court disagrees.

Under 28 U.S.C. § 1346(b), in order for sovereign immunity to be waived, the lawsuit must satisfy all six required elements, including being a lawsuit for "money damages." *See F.D.I.C.*, 510 U.S. at 477. While Yale discusses the reasons for allowing its Apportionment Complaint despite the alleged failure to meet the exhaustion requirements, it does not address the

argument that it has not asked for "monetary damages." Under Connecticut law, however, an apportionment complaint is not a lawsuit for "money damages." Instead, "apportionment claims are claims for the apportionment of liability and are, therefore, separate and distinct from claims for monetary damages." *Bloom v. Gershon*, 271 Conn. 96, 110 (2004); *see id.* at n.9 ("Liability refers to a legal obligation or responsibility; whereas damages refers to monetary compensation for loss or injury. The terms are not synonymous.") (citing Black's Law Dictionary (6th Ed. 1990)); *Lostritto v. Community Action Agency of New Haven, Inc.*, 269 Conn. 10, 36-38 (2004) (same).[8] As a result, by filing an apportionment complaint in accordance with Connecticut law, Yale has failed to satisfy one of the six required elements under the FTCA – the seeking of money damages. Thus, sovereign immunity has not been waived and this lawsuit may not proceed here in federal court.

Accordingly, the Government's motions to dismiss for lack of subject matter jurisdiction will be granted.

### ii. Ms. Bernard's Apportionment Complaint

In Count Two of Ms. Bernard's Apportionment Complaint, she states that "Yale [] brought an apportionment complaint against [the] United States of America," which alleges that her "injuries and losses were caused in whole or in part . . . by [the Government]." Bernard App. Compl. at 3 ¶¶ 2-3. Ms. Bernard argues that if the Government is "in fact wholly or partially liable for the plaintiff's injuries and losses, then [she] claims damages as set forth in her [C]omplaint against [it]." *Id.* ¶ 4.

Just as it has argued against Yale, the Government argues for the dismissal of Ms. Bernard's Apportionment Complaint, by alleging that it "has not waived sovereign immunity for

---

[8] Notably, this District's decisions in *DeGrenier* and *Montanez* precede the Connecticut Supreme Court's rulings in both *Lostritto* and *Bloom* clarifying that an apportionment complaint is not for money damages.

11

apportionment complaints and so is immune from liability [under] Conn. Gen. Stat. § 52-102b(c)[] [and] Plaintiff's failure to file a tort claim against the Government as required by 28 U.S.C. § 2401(b) deprives the Court of subject matter jurisdiction." Gov't Mem. Pl. at 3. The Government also argues that "Plaintiff has not filed an FTCA complaint against the Government in Federal Court . . . . [Therefore,] [t]here is no basis for subject matter jurisdiction." *Id.* at 5.

The Court agrees.

Ms. Bernard does not cure the defects of Yale's Apportionment Complaint, but instead adopts them. *See generally*, Bernard App. Compl. And, while Ms. Bernard does ask for "damages," *id.* at 3, by virtue of filing an "apportionment complaint," and asking for relief only "[i]f the United States of America is in fact wholly or partially liable," *id.*, she too has not satisfied the elements necessary for bringing a claim under the FTCA. *See Bloom*, 271 Conn. at 110 n.9 ("Liability refers to a legal obligation or responsibility; whereas damages refers to monetary compensation for loss or injury. The terms are not synonymous. Accordingly, § 52–190a, which applies only to civil actions to recover damages, does not apply to apportionment complaints which seek only an apportionment of liability." (internal citations omitted)).

Accordingly, the Government's motion to dismiss Ms. Bernard's Apportionment Complaint will be granted.

### B. Doctrine of Derivative Jurisdiction

The doctrine of derivative jurisdiction also requires this case's dismissal.

"Under the doctrine of derivative jurisdiction, the federal court's jurisdiction over a case that has been removed is derived from the jurisdiction of the state court from which the action has been removed." *Kennedy v. Paul,* No. 3:12-CV-01491 VLB, 2013 WL 5435183, at *2 (D. Conn. Sept. 30, 2013). "If the state court lacks jurisdiction of the subject-matter or of the parties,

the federal court acquires none, although it might in a like suit originally brought there have had jurisdiction." *Gionfriddo v. Salaf*, 343 F. Supp. 2d 109, 111 (D. Conn. 2004) (quoting *Lambert Run Coal Co. v. Baltimore & Ohio R R., Co.*, 258 U.S. 377, 382 (1922)); *see PT United Can Co. v. Crown Cork & Seal Co.*, 13 F.3d 65, 72-73 (2d Cir. 1998) (same); *Rivera v. Hosp. of St. Raphael*, No. 3:14-CV-874 (JCH), 2014 WL 6871657, at *3 (D. Conn. Dec. 3, 2014) (listing cases).

### i. Yale's Apportionment Complaint

The Government argues that "[Yale's] Apportionment Complaint should be dismissed . . . [because] this Court [allegedly] did not obtain derivative jurisdiction from the Connecticut Superior Court upon removal." Gov't Mem. Yale at 7. The Government alleges that since "the Connecticut Superior Court [] could not have exercised jurisdiction over the Apportionment Complaint, there is no basis for derivative jurisdiction." *Id.*

Yale argues that "[w]hile district courts in the Second Circuit have held that derivative jurisdiction is applicable to cases removed [under] 28 U.S.C. § 1442," "[t]he Second Circuit Court of Appeals has not directly ruled on the issue of whether the doctrine of derivative jurisdiction applies to cases removed [under] 28 U.S.C. § 1442." Yale Opp'n at 8.

Yale also argues that it had "no ability to bring its claim for apportionment against the Government in federal court" and, consequently, "[d]ismissal of this case simply because Yale did not institute its claim against the Government in federal court . . . would result in Yale being deprived of its statutory right to seek an apportionment of liability against a potentially liable party." *Id.* at 8. Furthermore, Yale refers to this as "a procedural technicality." *Id.*

The Court disagrees.

As the court in *Rivera* explained, regardless of the "legitimate criticisms of the derivative jurisdiction doctrine," the "court's role is not to question the judgment of Congress or the Supreme Court []; it is to apply the law." 2014 WL 6871657, at *4. There is no doubt that claims under the FTCA only can be brought in federal court. *See* 28 U.S.C. § 1346(b)(1). As a result, under the doctrine of derivative jurisdiction, bringing a claim against the Government in state court is futile. *See* 28 U.S.C. § 1442(a)(1) ("A civil action . . . that is commenced in a State court and that is against or directed to [the United States or any agency thereof or any officer] may be removed by them to the district court. . . ."); *Cohen v. Postal Holdings, LLC*, No. 3:14CV800 AWT, 2015 WL 225051, at *2 n.1 (D. Conn. Jan. 15, 2015) (explaining "every district court decision in this circuit to address the issue [of dismissal after removal under 28 U.S.C. § 1442] has found that derivative jurisdiction continues to be the rule."); *Barnaby v. Quintos*, 410 F. Supp. 2d 142, 145 (S.D.N.Y. 2005) (stating the same and listing cases).

Accordingly, even if not otherwise dismissed, the Government's motion to dismiss Yale's Apportionment Complaint would be granted under the doctrine of derivative jurisdiction.

### ii.     Ms. Bernard's Apportionment Complaint

The Government also argues against Ms. Bernard's Apportionment Complaint on the grounds that this "Court lacks subject matter jurisdiction [under] the derivative jurisdiction doctrine under 28 U.S.C. § 1442(a)(1)." Gov't Mem. Pl. at 3. For the reasons discussed above, the Court agrees.

Accordingly, even if not otherwise dismissed, the Government's motion to dismiss Ms. Bernard's Apportionment Complaint against the Government would be granted under the doctrine of derivative jurisdiction.

### C. Timeliness

Because the doctrines of sovereign immunity and derivative jurisdiction require this case's dismissal, the Court need not and does not consider the issue of timeliness.

## IV. CONCLUSION

For the reasons stated above, the Government's motions to dismiss Yale's Apportionment Complaint and Ms. Bernard's Apportionment Complaint are **GRANTED**. The Court remands this case to the Connecticut Superior Court, Judicial District of New Haven, and GCO's motion to dismiss Ms. Bernard's Apportionment Complaint is **DENIED** as moot.

**SO ORDERED** at Bridgeport, Connecticut, this 19th day of March, 2020.

/s/ Victor A. Bolden
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE